**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Bob LOREN, aka Robert Loren, Defendant—Appellant.**

No. 07–10470.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed April 1, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tracy A. Hino, Assistant U.S., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Robert Loren, Georgia K. Mcmillen, Esquire, Wailuku Maui, HI, for Defendant–Appellant.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Bob Loren appeals from his guilty-plea conviction and 10–month sentence for conspiracy to commit marriage fraud, in violation of 18 U.S.C. § 371. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

 Loren contends that his attorney's advice to accept the plea agreement constituted ineffective assistance of counsel because the agreement yielded no sen-

** This disposition is not appropriate for publication and is not precedent except as provid-

tencing benefits. We conclude that the record is sufficiently developed to allow us to consider Loren's ineffective assistance of counsel claim on direct appeal. *See United States v. Labrada–Bustamante,* 428 F.3d 1252, 1260–61 (9th Cir.2005). Loren's contention that the plea agreement yielded only illusory sentencing benefits is incorrect because he received a downward adjustment for acceptance of responsibility pursuant to the plea agreement. Loren thus cannot show that his attorney's advice to accept the plea agreement was deficient. *See United States v. Jeronimo,* 398 F.3d 1149, 1155 (9th Cir. 2005). Moreover, Loren cannot demonstrate prejudice. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Accordingly, his ineffective assistance of counsel claim fails. *See id.*

**AFFIRMED.**